# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TREVOR JAMES FULK and SAM FOGLER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 08-843-GPM ) |
| THE VILLAGE OF SANDOVAL, ILLINOIS, JEROME RATTERMANN, Individually and in his Official Capacity as Mayor of the Village of Sandoval and President of the Village of Sandoval Board, MARK COPPLE, GERALD FANGER, CORA OEHMKE, BILL THOMPSON, and RAY RESCH, Individually and in their Official Capacities as Board Trustees for the Village of Sandoval, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On Monday, June 1, 2009, the Court heard arguments on Defendants' motion to dismiss. For the reasons that follow, the motion is granted in part and denied in part.

### Background

Plaintiffs, Trevor Fulk and Sam Fogler, police officers in the Village of Sandoval, Illinois, claim they were fired in retaliation for reporting serious misconduct engaged in by the mayor, Defendant Jerome Rattermann (*see* Doc. 11). In addition to the mayor (individually and in his official capacity) and the Village, the amended complaint names five members of the Board of

Trustees (also individually and in their official capacities): Mark Copple, Gerald Fanger, Cora Oehmke, Bill Thompson, and Ray Resch.

Fulk says he was employed by the Village from September 21, 2007, until at least November 30, 2007, but the date of his termination is disputed. He claims that while employed by the Village, and acting as a private citizen, he reported serious misconduct on the part of Mayor Rattermann to the Marion County States Attorney, the Marion County Sheriff, and the Illinois State Police and that he was fired because he made these reports. Fogler makes similar claims and also implicates the Board of Sandoval.

Defendants move to dismiss the action on the grounds that (1) the constitutional claims are barred by *Garcetti v. Cebellos,* 547 U.S. 410 (2006); (2) the official capacity claims against the trustees are duplicative of the claims against the Village; (3) the individually named defendants are entitled to dismissal under qualified immunity; and (4) Fulk cannot invoke the Illinois Whistle Blower Act because he was fired in 2007, prior to the amendment making it applicable to public employees. (*See* Doc. 15).

**<u>Analysis</u>**

The United States Supreme Court recently issued further guidance on what a court should look at when considering a motion to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009), *citing Bell v. Twombly* 550 U.S. 544, 556 (2007). A court will find a claim plausible when the plaintiff pleads facts that allow a court to draw the reasonable inference that the defendant is liable for the alleged conduct. *Id., citing Twombly*, 550 U.S. at 556. Legal conclusions are not sufficient to survive a motion to dismiss. *Id.*

The Court in *Ashcroft* used a two-pronged approach to determine if the pleadings were sufficient. 129 S.Ct. at 1950. First, the Court examined the pleadings to identify the allegations in the complaint that are not entitled to the assumption of truth. *Id.* Next, the Court considered the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief. *Id.* at 1951.

To prevail on a Section 1983 claim for violation of First Amendment Rights under *Garcetti,* a plaintiff must show that his speech was not pursuant to his official duties. *Garcetti v. Ceballos,* 547 U.S. 410, 421 (2006). If he cannot make this showing, the plaintiff is not speaking as a citizen for First Amendment purposes, and the Constitution does not insulate his communications from employer discipline. *Id. Garcetti* requires a court to consider (1) whether the employee is speaking as a citizen on a matter of public concern, and (2) the employee's interest in speech against the supervisor's interest in responding to it. The Seventh Circuit has said that to determine whether an employee's speech was made as a citizen on a matter of public concern, a court must "look to the content, form, and context of the statement." *Miller v. Jones,* 444 F.3d 929, 935 (7th Cir. 2006), *citing Connick v. Myers*, 461 U.S. 138, 147-48 (1983).

Defendants argue that under the *Garcetti* standard, they are entitled to dismissal under Rule 12(b)(6) because Fulk and Fogler have pleaded (1) that they worked as police officers, (2) reporting crimes is a duty of a police officer, (3) the mayor committed acts or conduct that they describe as illegal or unethical, and (4) Fulk and Fogler reported those acts or conduct. In other words, Defendants argue that the speech occurred pursuant to Fulk and Fogler's official duties as police officers, and, therefore, their words enjoy no First Amendment protection. On the face of things it looks like Defendants are correct but, as mentioned above, Fulk and Fogler have pleaded that they

complained as private citizens. So at this point the question is what to make of this allegation. And, this Court is mindful that *Garcetti* provides no comprehensive framework for defining the scope of an employee's duties in cases where there is serious debate, but notes that the proper inquiry is a practical one. 547 U.S. at 424. The Supreme Court helpfully informs us that the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that a task is within the scope of the employee's professional duties for First Amendment purposes. *Id.* at 425.

The next step under *Ashcroft* is to determine whether there is a plausible suggestion of entitlement to relief. 129 S.Ct. at 1950. In *Ashcroft*, the Court found that the respondent's complaint failed to allege unconstitutional discrimination that would entitle him to relief because the complaint showed no plausible facts that the petitioners purposefully adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin. *Id.* at 1952. Here, Fulk and Fogler must allege plausible facts that they made statements as private citizens, not pursuant to their official duties. The bare allegation that they made the statements as private citizens is not sufficient to move this allegation from 'conceivable' to 'plausible' under the *Ashcroft* standard. Because of the recent change in federal pleading standards, Fulk and Fogler should and will be given leave to amend their complaint to allege sufficient facts to show they acted as private citizens.

Next, the Court agrees with Defendants that the official capacity claims against the trustees are duplicative of the claim against the Village. The official capacity claims are dismissed.

The third issue is the matter of qualified immunity for the individually named defendants. Government officials performing discretionary functions generally are shielded from liability for

civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The judge determines the currently applicable law and whether such law was clearly established at the time the action occurred. *Id.* The sequence of determining this two-step analysis is left to the discretion of the judge in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand. *Pearson v. Callahan,* 129 S.Ct. 808 (2009). The argument that the existence of a previous un-adjudicated complaint is sufficient notice to Defendants is flimsy, but since Fulk and Fogler have been given leave to re-plead, it is premature to rule on qualified immunity at this time.

Finally, because the parties dispute the date of Fulk's termination, it would also be premature to dismiss on this basis at this time without further factual development.

## Conclusion

For the foregoing reasons, the motion to dismiss (Doc. 15) is **GRANTED in part and DENIED in part**. The claims against Defendants Mark Copple, Gerald Fanger, Cora Oehmke, Bill Thompson, and Ray Resch in their official capacities are **DISMISSED**. Plaintiffs shall file a second amended complaint on or before **June 30, 2009**.

**IT IS SO ORDERED.**

DATED: 06/09/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge